UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMANDA ELY,
    Plaintiffs,

v.                                                                                     17-cv-860-WWE

BRIAN MARINO and
STEPHEN ANDERSON,
    Defendants.

## **MEMORANDUM OF DECISION ON MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS**

In this consolidated civil rights action, plaintiff asserts that defendants Connecticut State Trooper Brian Marino and Shelton Police Officer Stephen Anderson violated the Fourth Amendment of the United States Constitution.

Defendant Anderson has moved to dismiss this action and defendant Marino has moved for judgment on the pleadings.[1] For the following reasons, defendant Anderson's motion to dismiss will be granted, and defendant Marino's motion for judgment on the pleadings will be denied.

## **BACKGROUND**

The following background is taken from the allegations of plaintiffs' complaint, which are accepted as true for purposes of this decision.

On June 11, 2014, Officer Anderson contacted defendant Marino and "falsely and maliciously" reported that plaintiff was illegally growing marijuana in an apartment, which he claimed plaintiff occupied in Derby. Defendant Marino sought and obtained a warrant to search plaintiff's apartment in Derby based on this allegedly false

---

[1] The Court considers the arguments that plaintiff asserted in her opposition brief [doc. 20] to the motion to dismiss [doc. 19] on docket 17cv967.

information, and police officers then searched plaintiff's apartment.

The Court takes judicial notice that plaintiff was arrested, prosecuted and convicted for felony conspiracy to commit possession of hallucinogenic substances or greater than four ounces of marijuana in violation of state law.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding a Rule 12(c) motion, a court employs the same standard applicable to dismissals pursuant to Rule 12(b)(6). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011). Accordingly, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff has alleged that the search warrant violates the Fourth Amendment because it was not supported by probable cause.

### Defendant Anderson

Anderson asserts that plaintiff's claim against him is not cognizable because he was not personally involved in obtaining the warrant or conducting the alleged unreasonable search. Personal involvement of a defendant in the alleged constitutional deprivation is a prerequisite to a claim for damages under Section 1983. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Plaintiff argues that her allegations against Anderson are similar to a Fourth Amendment violation based on malicious prosecution, which requires that (1) the defendant initiated or procured the institution of criminal proceedings against plaintiff; (2) the criminal proceedings terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice. Moreno v. City of New Haven Dep. Of Police Serv., 604 F. Supp. 2d 364, 374 (D. Conn. 2009). However, plaintiff has not pleaded the elements of a malicious prosecution case. Further, plaintiff cannot plead such a malicious prosecution claim under Section 1983 unless the criminal proceedings terminated in her favor. The Court has taken judicial notice of plaintiff's conviction stemming from the search that resulted from Anderson's conduct.

The Court agrees that plaintiff has failed to allege that defendant Anderson participated in the alleged unreasonable search. The complaint contains no allegation that Anderson acted to obtain the warrant or to search the apartment. Accordingly, the Court will grant the motion to dismiss on the Fourth Amendment claim against Anderson.

<u>Heck v. Humphrey</u>

Under <u>Heck v. Humphrey</u>, a Section 1983 claim for damages that "would necessarily imply the invalidity of [plaintiff's] conviction or sentence" is not cognizable, unless the plaintiff can show that the conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 487 (1994). However, due to doctrines such as independent source and inevitable discovery, a claim for damages due to an allegedly unreasonable search "may lie even if the challenged search produced evidence that was introduced in a state criminal trial" resulting in plaintiff's conviction. <u>Id.</u> at 487 n.7. At the same time, if a conviction depended upon evidence that resulted from the challenged search, a Fourth Amendment claim would be barred by <u>Heck</u>.

In ruling on defendants' motions, the Court does not have a factual record sufficient to determine whether plaintiff's conviction was dependent upon the allegedly unreasonable search. <u>Fifield v. Barrancotta</u>, 353 Fed. Appx. 479, 481 (2d Cir. 2009). The Court will leave plaintiff to her proof that she suffered an "actual, compensable injury" based on defendant Marino's alleged unreasonable search. <u>Heck</u>, 512 U.S. at 487 n.7 (stating that "injury" does not "encompass" the "injury" of conviction and imprisonment). The motion to dismiss and motion for judgment on the pleadings will be denied on this basis.

**CONCLUSION**

For the foregoing reasons, defendant Anderson's motion to dismiss is GRANTED [doc. 30]; defendant Marino's motion for judgment on the pleadings [doc. 23] is DENIED.

Dated this 23rd day of January, 2018 at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE